CULLEN & DYKMAN, LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.

Attorneys for Metroplex on the Atlantic, LLC

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

In re:                                                          Chapter 11

METROPLEX ON THE ATLANTIC, LLC,                                 Case No.: 15-42499 (CEC)

                        Debtor.

-----------------------------------------------------------x

### DEBTOR'S MOTION TO APPROVE BIDDING
### PROCEDURES PURSUANT TO 11 U.S.C. §§ 105(a) AND 1142(a)
### AND FOR EXPEDITED HEARING

TO:   THE HONORABLE CARLA E. CRAIG,
      CHIEF UNITED STATES BANKRUPTCY JUDGE:

Metroplex on the Atlantic, LLC (the "Debtor"), debtor and debtor-in-possession herein, by and through its counsel Cullen and Dykman LLP, as and for its Motion to approve bidding procedures in connection with the sale of its property located at 120 Beach 26th Street, Far Rockaway, New York (the "Property") through its proposed Joint Chapter 11 Plan and for an expedited hearing on the motion, respectfully represents as follows:

### BACKGROUND

1. On May 28, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code"). The Debtor remains a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. An official committee of unsecured creditors has not been appointed in this case.

3. Both prior to and subsequent to the Petition Date, the Debtor engaged in significant litigation with its secured lender, DOF IV Metroplex, LLC (the "Secured Lender") and/or the Secured Lender's predecessor-in-interest. After engaging in such litigation, the Debtor and the Secured Lender began negotiations in an attempt to reach a consensual resolution of the case and the various claims by and among all of the parties. After significant negotiation, the parties executed a Settlement and Plan Support Stipulation by and among Metroplex on the Atlantic, LLC, DOF IV Metroplex, LLC, Kew Gardens Property LLC, Elzbieta Mielczarek and Jerzy Szymczyk (the "Plan Support Stipulation") and the Term Sheet attached thereto and made a part thereof. The Plan Support Stipulation and Term Sheet were approved by Order dated December 14, 2015.

4. The Plan Support Stipulation represents a global agreement to consensually resolve the issues by and between the Debtor, the Secured Lender, Elzbieta Mielczarek and Jerzy Szymczyk and Kew Gardens Property LLC, an entity in which Mielczarek is the sole member. Among other things, the Plan Support Stipulation provides for the filing of a Joint Plan of Liquidation and sales process thereunder that will maximize the value of the Debtor's Property and that will result in certain payments to the creditors of this estate that would otherwise not be achievable.

5. In furtherance of the Plan Support Stipulation, the Debtor and Secured Lender jointly filed a Chapter 11 Plan (the "Plan") and Disclosure Statement on December 23, 2015, which embody the terms of the Plan Support Stipulation and Term Sheet.

6. Pursuant to the Plan, the Property will be marketed and sold at an auction sale. Hilco, Debtor's broker, has already begun the marketing process. In furtherance of the marketing process, Hilco is establishing a data room with due-diligence information available to

potential bidders upon the execution of a confidentiality agreement. In order to insure maximum bidding potential and a fair and complete process, the Debtor, together with the Secured Lender, the Chief Restructuring Order and Hilco have developed certain bidding procedures as further set forth below. The proposed bidding procedures are annexed hereto as Exhibit "A".

7.     As a result, in furtherance of the Plan Support Stipulation and Term Sheet as well as the Plan itself, the Debtor hereby seeks approval of the annexed bidding procedures.

## SUMMARY OF BIDDING PROCEDURES[1]

8.     Under the proposed bidding procedures, any interested bidders will be required to file a qualifying bid by February 16, 2016. Such bidders will be notified by February 19, 2016 as to whether they are "qualified bidders" eligible to participate in the sales process. The bidding procedures propose that an auction sale occur on February 24, 2016.

9.     In order to make a qualifying bid, a potential bidder must sign an asset purchase agreement, a statement that the bid is binding and not subject to any due diligence or financing contingency and is irrevocable until after the closing of the proposed sale transaction, a statement confirming that the bid is based on an all-cash offer and set forth the amount of such offer, and must provide information that supports the potential bidder's financial wherewithal to comply with the asset purchase agreement. A potential bidder must also provide a deposit of 5% of the amount of its bid.

10.    Once qualified, the Debtor, Secured Lender and Hilco will make a determination regarding the highest or best qualified bid to serve as a starting point at the auction. In the event that two or more qualified bids are not received, the auction will be cancelled.

11.    At the auction, bidding will start at the baseline bid selected by the Debtor and the Secured Lender and will proceed in increments of $100,000. Prior to the conclusion of the

---

[1] This section provides a summary of the bidding procedures, which should be reviewed in its entirety.

auction, the Debtor and Secured Lender will evaluate all bids and determine who is the successful bidder and who is the back-up bidder. Thereafter, the Debtor will seek court approval of the sale of the Property to the successful bidder and back-up bidder if the successful bidder fails to close. A successful bidder will be required to close the transaction by no later than March 24, 2016.

### REQUEST FOR APPROVAL OF BIDDING PROCEDURES

12.  The bidding procedures should be approved under sections 105(a) and 1142(a) of the Bankruptcy Code.[2] Under section 1142(a) of the Bankruptcy Code, "the debtor and any entity organized or to be organized for the purpose of carrying out the plan shall carry out the plan and comply with any orders of the court." 11 U.S.C. § 1142(a). Under section 105(a) of the Bankruptcy Code, "the Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

13.  In order for the Debtor to be able to implement the Plan and carry out the terms of the Plan, it is necessary for the Property to be marketed and sold, which in turn requires the approval of bidding procedures with respect to that process.

14.  The Debtor believes that the proposed bidding procedures are fair, necessary and appropriate. The bidding procedures, together with the marketing efforts of Hilco, are designed to result in maximum bidding and to generate the best possible price for the Property. Through the bidding procedures, the Property can be sold through a streamlined, yet orderly, process. Moreover, the Debtor believes that the proposed bid procedures are standard procedures

---

[2] Ordinarily, the bidding procedures would have been annexed as an exhibit to the Disclosure Statement and approved through the Disclosure Statement. However, due to the streamlined time requirements for the sale of the Property as set forth in the Plan Support Stipulation, the Debtor, the Secured Lender and Hilco have determined that the bidding process will be significantly enhanced if the bid procedures are approved on a more expedited basis.

employed when selling assets both through a plan and under section 363 of the Bankruptcy Code.

15. Since approval of bidding procedures is a necessary precursor to the marketing and sales process, and since the marketing and sale process forms the basis of the Plan and the distributions thereunder, the Debtor believes that the approval of same is necessary for implementation of the Plan under section 1142(a) of the Bankruptcy Code.

16. As a result of the foregoing, the Debtor requests that the Court approve the proposed bidding procedures annexed hereto as Exhibit "A".

### REQUEST FOR ENTRY OF ORDER SCHEDULING EXPEDITED HEARING

17. As set forth above and in the Local Rule 9077-1 Affirmation submitted in connection with this request for an expedited hearing, due to the streamlined time requirements for the sale of the Debtor's Property as set forth in the Plan Support Stipulation, the bidding process will be significantly enhanced if the bid procedures are approved expeditiously so that they can be disseminated by Hilco to any potential bidder.

18. Because of this, it is essential that a hearing to approve the bid procedures be conducted as soon as possible so that the parties can proceed with the process of obtaining bids for the purchase of the Property.

19. The benefit to all creditors by quick approval of the bid procedures and a spirited bidding process outweighs any harm in the reduction of time by holding an expediting hearing, especially considering that the bid procedures are standard procedures approved by the Court in many cases.

20.  Accordingly, the Debtor requests that the Court enter an order for expedited hearing on this motion, submitted simultaneously herewith, so that this process can move forward as quickly as possible.

WHEREFORE, the Debtor respectfully requests that it be granted the relief sought herein, together with such other and further relief as the Court deems just and proper.

Dated: Garden City, New York  
December 24, 2015

CULLEN AND DYKMAN LLP  
Attorneys for Debtor

By: /s/ Bonnie L. Pollack  
Matthew G. Roseman  
Bonnie L. Pollack, Esq.  
100 Quentin Roosevelt Boulevard  
Garden City, New York, 11530  
(516) 357-3700

**EXHIBIT "A"**

# BIDDING PROCEDURES

**Overview**

On May 28, 2015, Metroplex on the Atlantic, LLC, as Debtor and Debtor in possession (collectively, the "**Debtor**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

The Debtor and Secured Creditor ("**Secured Creditor**") have agreed to a plan and are seeking to sell the Debtor's property located at 120 Beach 26th Street, Far Rockaway, Queens, NY 11691(the "**Property**") to the highest or best bidder subject to the Secured Creditor's right to credit bid. On _____, 2015, the United States Bankruptcy Court for the Eastern District of New York entered an order (the "**Bidding Procedures Order**"), which, among other things, authorized the Debtor to solicit bids and approved these procedures (the "**Bidding Procedures**") for the consideration of the highest or otherwise best price for the Property (**"Property"**), on the terms and conditions set forth herein.

These Bidding Procedures describe, among other things: (A) the procedures for bidders to submit bids for the Property; (B) the manner in which bidders and bids become Qualified Bidders and Qualified Bids (each as defined below); (C) the negotiation of bids received; (D) the conduct of one or more subsequent auctions (an "**Auction**"); and (E) the ultimate selection of the Successful Bidder(s) (as defined below) and Court approval thereof (collectively, the "**Bidding Process**").

The Debtor and Secured Creditor reserve the right to extend any of the bidding deadlines or other dates set forth in these Bidding Procedures without further Order of the Bankruptcy Court subject to providing notice as described below.

**Summary of Important Dates**

**February 16, 2016, at 5:00 p.m.**      Qualifying Bid Deadline

**February 19, 2016, at 5:00 p.m.** Deadline for Debtor and Secured Creditor to let Bidders know their bid qualified for the next phase of the sales process per these Bidding Procedures (the "**Designation Deadline**").

**February 24, 2016 2:00 p.m. - Auction -** Auction Location: To Be Determined

**Steps to Participate in this Offering:**
1) Review the Due Diligence information, including the Asset Purchase Agreement, located in the data room.
2) Inspect the Property, a number of inspection dates will be provided to tour and inspect the Property.
3) Submit by February 16, 2016 your qualifying bid on our approved Asset Purchase Agreement along with a 5% earnest money deposit.
4) If your bid qualifies you will be invited to either submit a best and final bid, or participate in an auction on February 24, 2016.

*The following procedures describe in more detail the requirements and terms of participation.*

**Form and Content of a Qualified Bid**

A bid is a signed asset purchase agreement, which form can be found in the real estate advisors data room, from a Potential Bidder received by the Qualifying Bid Deadline that identifies the purchaser by its legal name (including any equity holders or other financial backers, if the Potential Bidder is an entity formed for the purpose of submitting bids or consummating a sale transaction), and any other party that will be participating in connection with the bid or the sale transaction, and includes, at a minimum, the following information (each, a "**Bid**"):

1) Marked Agreement. Each Bid must include a copy of an asset purchase agreement reflecting the terms and conditions of its Bid, which agreement must be marked to show any proposed amendments and modifications, if any, to the form of asset purchase agreement posted by the Debtor in the Data Room (the "**Marked Agreement**").

2) Unconditional Offer. A statement that the Bid is formal, binding and unconditional (except for those conditions expressly set forth in the applicable Marked Agreement) and is not subject to any due diligence or financing contingency and is irrevocable until the first business day following the closing of the proposed sale transaction, except as otherwise provided in these Bidding Procedures.

3) Form of Consideration. A statement confirming that the Bid is based on an all-cash offer.

4) Purchase Price

5) Adequate Assurance Information. Information supporting the Potential Bidder's ability to comply with the requirements of asset purchase agreement, including the Potential Bidder's financial wherewithal and willingness to perform under any contracts that are assumed and assigned to the Potential Bidders.

A Potential Bidder must also accompany its Bid with: (A) a Deposit (as defined below); (B) the contact information of the specific person(s) whom the Debtor, Secured Creditor or their advisors should contact in the event that they have any questions or wish to discuss the bid submitted by the Potential Bidder; and (C) written evidence of available cash, a commitment for financing (not subject to any conditions other than those expressly set forth in the applicable Marked Agreement) and such other evidence of ability to consummate the transaction.

The submission of a Bid by the Qualifying Bid Deadline shall constitute a binding and irrevocable offer to acquire the Property or other assets reflected in such Bid.

**Deposit**
To qualify as a Qualified Bid (as defined below), each Bid must be accompanied by a good faith cash deposit in the amount of five percent (5%) of the proposed purchase price (the "**Deposit**"), to be deposited, prior to the Qualifying Bid Deadline, with an escrow agent selected by the

Debtor and Secured Creditor (the "*Escrow Agent*") pursuant to the escrow agreement to be provided by the Debtor to the Potential Bidders (the "*Escrow Agreement*").

**Review of Bids**
The Debtors' real estate advisor, Hilco, will deliver, within one (1) business day after receipt thereof, copies of all Bids to the Debtor and Secured Creditor. The Debtor and Secured Creditor will evaluate timely submitted bids, and may engage in negotiations with Potential Bidders who submitted Bids complying with the preceding paragraphs as the Debtor and Secured Creditor deem appropriate in the exercise of their business judgment, based upon the Debtor and Secured Creditor's evaluation of the content of each Bid. In evaluating the bids, the Debtor and Secured Creditor may take into consideration the following nonbinding factors:

1. the amount of the Bid;

2. the value to be provided to the Secured Creditor under the agreed to plan;

3. the transaction structure and execution risk, including conditions to, timing of and certainty of closing, termination provisions, availability of financing and financial wherewithal to meet all commitments, and required governmental or other approvals; and

4. any other factors the Debtor and Secured Creditor may reasonably deem relevant.

**Designation of Qualified Bidders**
A bid will be considered a "*Qualified Bid*," and each Potential Bidder that submits a Qualified Bid will be considered a "*Qualified Bidder*," if the Debtor and Secured Creditor determine that such Bid meets the requirements set forth in these Bidding Procedures.

The Debtor and Secured Creditor reserve the right to work with any Bidder in advance of the Auction to cure any deficiencies in a Bid that is not initially deemed a Qualified Bid. If a Bid is received and, in the Debtor and Secured Creditor's judgment, it is not clear whether the Bid is a Qualified Bid, the Debtor and Secured Creditor may consult with the Potential Bidder and seek additional information in an effort to establish whether or not the Bid is a Qualified Bid.

The Debtor and Secured Creditor, in their sole discretion, will have the right to determine that a Bid is a Qualified Bid or not a Qualified Bid.

**Pre-Auction Procedures**
Once the Bids are qualified, the Debtor and Secured Creditor may ask Qualified Bidders to submit best and final bids, or the Determination and Announcement of a Baseline Bid and the Auction will be made.

The Debtor, Secured Creditor, and Real Estate Advisor shall make a determination regarding:

(A) the time and place for the Auction;

(B) the highest or best Qualified Bid to serve as the starting point at the Auction

Between the date the Debtor and Secured Creditor notify a Potential Bidder that it is a Qualified Bidder and is invited to participate in the Auction, the Debtor and Secured Creditor may discuss, negotiate or seek clarification of any Qualified Bid from a Qualified Bidder. Without the written consent of the Debtor and Secured Creditor, a Qualified Bidder may not modify, amend or withdraw its Qualified Bid, except for proposed amendments to increase the purchase price or otherwise improve the terms of the Qualified Bid for the Debtor and Secured Creditor, during the period that such Qualified Bid remains binding as specified herein; provided that any Qualified Bid may be improved at the Auction as set forth herein.

Notwithstanding anything to the contrary contained herein, the Debtor and Secured Creditor may elect, in their reasonable discretion, to adjourn any Auction.

**Failure to Receive Two or More Qualified Bids**
If Debtor's Real Estate Advisor does not receive two or more Qualified Bids by the Qualifying Bid Deadline, the Debtor and Secured Creditor will not conduct the Auction, and shall file and serve, **by February 22, 2016 at 4:00 p.m. (Eastern Time)**, a notice indicating that the Auction has been cancelled. Although, the Secured Creditor's right to credit bid shall remain in effect.

**Auction Procedures**
If there are two or more Qualified Bids for the Auction, the Debtor and Secured Creditor may conduct an Auction on **February 24, 2016 at 2:00 p.m. (Eastern Time)**, at a location to be determined and announced, or such other time as the Debtor and Secured Creditor, mutually agree. Only a Qualified Bidder will be eligible to participate at an Auction, subject to such limitations as the Debtor and Secured Creditor may impose in good faith. Professionals and/or other representatives of the Debtor and Secured Creditor will be permitted to attend and observe an Auction.

At any Auction, Qualified Bidders will be permitted to increase their bids. For each Baseline Bid, bidding will start at the purchase price and terms proposed in the applicable Baseline Bid, and will proceed thereafter in increments of $100,000 of the applicable Baseline Bid (a "**Minimum Overbid Amount**").

The Debtor and Secured Creditor may adopt rules for an Auction at any time that they reasonably determine to be appropriate to promote the goals of the Bidding Process and are not inconsistent with these Bidding Procedures. At the start of an Auction, the Debtor and Secured Creditor shall describe the terms of the applicable Baseline Bid. Any rules developed by the Debtor and Secured Creditor will provide that all bids in a particular Auction will be made and received in one room, on an open basis, and all other bidders participating in that Auction will be entitled to be present for all bidding and that all material terms of each Qualified Bid submitted in response to the Baseline Bid or to any successive bids made at the Auction will be fully disclosed to all other bidders throughout the entire Auction. Each Qualified Bidder will be permitted a reasonably amount of time to respond to the previous bid at the Auction.

The Debtor and Secured Creditor reserve the right to, and may, reject at any time before entry of the relevant Sale Order any bid that, in the their judgment, is: (A) inadequate or insufficient; or

(B) not in conformity with the requirements of the Bankruptcy Code, these Bidding Procedures or the terms and conditions of the applicable sale transaction.

Prior to the conclusion of an Auction, the Debtor and Secured Creditor, will: (A) review and evaluate each bid made at the Auction on the basis of financial and contractual terms and other factors relevant to the sale process, including those factors affecting the speed and certainty of consummating a sale transaction; (B) determine the highest or best bid (a "***Successful Bid***"); (C) determine which Qualified Bid is the next highest or best bid from the Auction (the "***Back-Up Bid***"); and (D) notify all Qualified Bidders participating in an Auction, prior to its conclusion, the successful bidder for the Auction (the "***Successful Bidder***"), the amount and other material terms of the Successful Bid and the identity of the party that submitted the Back-Up Bid for the Auction (the "***Back-Up Bidder***").

Each Qualified Bidder shall be required to confirm, both before and after the Auction, that it has not engaged in any collusion with respect to the submission of any bid, the bidding or the Auction.

**Post-Auction Process**
The Successful Bidder and the Back-Up Bidder shall, within one (1) business day after the close of the Auction, submit to the Debtor and Secured Creditor fully executed revised documentation memorializing the terms of the Successful Bid and the Back-Up Bid. Promptly following the submission of such documentation, the Debtor and Secured Creditor shall file with the Bankruptcy Court notice of the Successful Bid and Successful Bidder. The Successful Bid may not be assigned to any party without the consent of the Debtor and Secured Creditor.

At a Sale Hearing, the Debtor and Secured Creditor will present a Successful Bid to the Bankruptcy Court for approval.

The Successful Bidder will be required to close on the transaction by no later than March 24, 2016.

Unless otherwise required pursuant to the Debtor's and Secured Creditor's fiduciary duties, the Debtor and Secured Creditor shall not consider any bids submitted after the conclusion of the Auction.

**Treatment and Return of Deposits**

Potential Bidders
Within three (3) business days after the Designation Deadline, the Escrow Agent shall return to each Potential Bidder that was determined not to be a Qualified Bidder, such Potential Bidder's Deposit, plus any interest accrued thereon. Upon the authorized return of such Potential Bidder's Deposit, the bid of such Potential Bidder shall be deemed revoked and no longer enforceable.

Qualified Bidders
The Deposit of a Qualified Bidder will be forfeited to the Secured Creditor if (A) the applicable Qualified Bidder attempts to modify, amend or withdraw its Qualified Bid, except as permitted

by these Bidding Procedures, during the time the Qualified Bid remains binding and irrevocable under these Bidding Procedures, or (B) the Qualified Bidder is selected as the Successful Bidder and fails to enter into the required definitive documentation or to consummate the transaction according to these Bidding Procedures and the terms of the applicable transaction documents with respect to the Successful Bid. The Escrow Agent shall release the Deposit by wire transfer of immediately available funds to an account designated by the Secured Creditor two (2) business days after the receipt by the Escrow Agent of a joint written notice by an authorized officer of the Secured Creditor stating that the Qualified Bidder has breached or failed to satisfy its obligations or undertakings.

With the exception of the Deposit of a Successful Bidder and a Back-Up Bidder, the Escrow Agent shall return to any other Qualified Bidder any Deposit, plus any interest accrued thereon, three (3) business days after the execution by the Successful Bidder and the Debtor of the documentation memorializing the Successful Bid, but in no event later than seven (7) business days after the conclusion of a Sale Hearing.

Back-Up Bidder
The Escrow Agent shall return a Back-Up Bidder's Deposit, plus any interest accrued thereon, within three (3) business days after the closing of the Successful Bidder.

The Successful Bidder
The Deposit of a Successful Bidder shall be applied against the Purchase Price of such Successful Bidder upon the consummation of the transaction proposed in the applicable Successful Bid.

Joint Notice to Escrow Agent
The Debtor and, as applicable, the Potential Bidder, Qualified Bidder, and/or Back-Up Bidder agree to execute an appropriate joint notice to the Escrow Agent for the return of any Deposit, to the extent such return is required by these Bidding Procedures. If either party fails to execute such written notice, the Deposit may be released by an order of the Bankruptcy Court.

**Consent to Jurisdiction and Authority as Condition to Bidding**
All Potential Bidders shall be deemed to have (A) consented to the core jurisdiction of the Bankruptcy Court to enter any order or orders, which shall be binding in all respects, in any way related to the Bidding Procedures, the Auction, or the construction and enforcement of any agreement or any other document relating to the sale transaction, (B) waived any right to a jury trial in connection with any disputes relating to the Bidding Procedures, the Auction, or the construction and enforcement of any agreement or any other document relating to the sale transaction, and (C) consented to the entry of a final order or judgment in any way related to the Bidding Procedures, an Auction, or the construction and enforcement of any agreement or any other document relating to the sale transaction if it is determined that the Bankruptcy Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.

**Reservation of Rights**

The Debtor and Secured Creditor reserve the right, in their reasonable discretion and subject to the exercise of their business judgment, to alter or terminate these Bidding Procedures, to waive terms and conditions set forth herein with respect to all potential bidders, extend the deadlines set forth herein, alter the assumptions set forth herein, conditions and deadlines of the Bidding and Auction Process to promote further bids and/or to terminate discussions with any and all prospective acquirers and investors (except for the Buyer) at any time and without specifying the reasons therefor, in each case to the extent not materially inconsistent with these Bidding Procedures and/or the Bidding Procedures Order; provided further that the Debtor and Secured Creditors exercise of their discretion in evaluating bids and administering the Bidding and Auction Process does not permit, and shall not be construed as permitting, the Debtor and Secured Creditor to materially deviate from the procedures, terms, conditions and protections set forth in these Bidding Procedures and/or the Bidding Procedures Order.