CULLEN & DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.

Attorneys for Metroplex on the Atlantic, LLC

Allegaert Berger & Vogel LLP
111 Broadway, 20th Floor
New York, New York 10006
Telephone: (212) 571-0550
Lawrence P. Gottesman, Esq.

Attorneys for DOF IV Metroplex, LLC

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                                Chapter 11

METROPLEX ON THE ATLANTIC, LLC,                          Case No.: 15-42499 (CEC)

                                                    Debtor.
-------------------------------------------------------------x

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on March 16, 2016 at 4:00 p.m., Metroplex on the Atlantic, LLC and DOF IV Metroplex, LLC, by and through their respective counsel, will move (the "Motion") before the Honorable Carla E. Craig, Chief United States Bankruptcy Judge, in the United States Bankruptcy Court for the Eastern District of New York, located at 271 Cadman Plaza East, Brooklyn, New York 11201, or as soon thereafter as counsel can be heard, for an Order pursuant to sections 105(a) and 363 of title 11, United States Code (the "Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") confirming the results of the auction sale of the Debtor's property located at 120 Beach Street 26th Street, Far Rockaway, New York (the "Property").

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court electronically in accordance with the

Revised General Order (and Exhibit 1 to the Revised General Order, which can be found http://www.nyeb.uscourts.gov, the official website of the Bankruptcy Court), by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and shall be served in accordance with the Revised General Order upon (i) Cullen and Dykman LLP, 100 Quentin Roosevelt Blvd, Garden City, New York 11530, attention: Bonnie L. Pollack, Esq., (ii) Allegaert Berger & Vogel LLP, 111 Broadway, 20th Floor, New York, New York 10006, Attn: Lawrence P. Gottesman, Esq.; and (iii) Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Room 1006, New York, NY 10004, in order that they be received no later than 4:00 p.m. on March 9, 2016.

Dated: Garden City, New York
March 2, 2016

CULLEN AND DYKMAN LLP
Attorneys for Metroplex on the Atlantic, LLC

BY:   s/ Bonnie L. Pollack
Mathew G. Roseman, Esq.
Bonnie L. Pollack, Esq.
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700

ALLEGAERT BERGER & VOGEL LLP
Attorneys for the DOF IV Metroplex, LLC

By:   s/Lawrence P. Gottesman
Lawrence P. Gottesman, Esq.
111 Broadway, 20th Floor
New York, New York 10006
(212) 571-0550

Cullen and Dykman LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
Telephone No. (516) 357-3700
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.

Attorneys for Metroplex on the Atlantic, LLC

Allegaert Berger & Vogel LLP
111 Broadway, 20th Floor
New York, New York 10006
Telephone: (212) 571-0550
Lawrence P. Gottesman, Esq.

Attorneys for DOF IV Metroplex, LLC

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                              Chapter 11

METROPLEX ON THE ATLANTIC, LLC,                     Case No.: 15-42499 (CEC)

                                        Debtor.
-----------------------------------------------------------x

## JOINT MOTION IN SUPPORT OF ORDER
## CONFIRMING RESULTS OF AUCTION SALE

To the Honorable Carla E. Craig, Chief United States Bankruptcy Judge:

Metroplex on the Atlantic, LLC (the "Debtor"), and DOF IV Metroplex, LLC (the "Secured Lender"; together with the Debtor, the "Movants"), by their respective counsel, submit this motion in support of entry of an Order pursuant to sections 105(a) and 363 of title 11, United States Code (the "Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") confirming the results of the auction sale of the Debtor's property located at 120 Beach Street 26th Street, Far Rockaway, New York (the "Property") and respectfully allege as follows:

## PROCEDURAL AND FACTUAL BACKGROUND

1.  On May 28, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of New York.

2.  On January 21, 2016, the Debtor and DOF IV Metroplex, LLC (the "Secured Lender") filed an Amended Joint Chapter 11 Plan (the "Plan"). The hearing to confirm the Plan occurred on February 25, 2015. The Plan was subsequently amended to address certain confirmation objections received and the rulings made at the confirmation hearing.

3.  On February 25, 2016, the Court confirmed the Plan as amended and to be amended.

4.  The Plan is premised upon a sale of the Property (the "Auction Sale"). Pursuant to the Order of the Court dated December 17, 2015, the Debtor retained Hilco Real Estate LLC ("Hilco") to market and sell the Property. As set forth in the Affidavit of Jeff Azuse submitted herewith, Hilco's marketing efforts included the following:

- Print Advertisement
    - Advertisement in The New York Times-1/6/16
    - Advertisement in The Wall Street Journal-1/6/16
    - Advertisement in The Commercial Observer -1/13/16
    - Advertisement in Real Estate Weekly-1/13/16
    - Advertisement in The Wall Street Journal-1/13/16
    - Advertisement in Der Tzitung-1/20/16
    - Advertisement in The Jewish Herald-1/22/16
    - Advertisement in The Jewish Week-1/22/16

- Advertisement in The Rockaway Times-2/4/16
- Advertisement in The Canarsie Courier-2/4/16
- Advertisement in The Wave-2/5/16
- Advertisement in The Brooklyn Paper-2/5/16
- Advertisement in the New York Newspaper Network (consisting of 55 community newspapers throughout New York City)-2/8/16
- Advertisement in the New York Newspaper Network (consisting of 78 community newspapers throughout Long Island-2/8/16
- Online Advertisement
  - E-Newsletter Banner Ad in GlobeSt.com -2/1/16
  - Listing and E-Blast in Hilco Real Estate Website (E-Blast to over 15,000 real estate groups) -1/4/16
  - E-Newsletter Banner Ad in BizNow E-Newsletter-2/4/16
  - E-Blast in The Jewish Week (11,000 subscribers) -2/2/16
  - E-Newsletter Banner Ad in The Jewish Week-2/2/16
- Other Internet Listings
  - The Property was listed on Loopnet and CoStar's Showcase.com, the two most visited commercial property listing websites in the country. The online advertising included banner style ads, property listings and email blasts
  - Using Loopnet, CoStar, Property Blast, Big Boy Blast, EPropertyPush.com, PropertyLine.com and Hilco's own internal email list, a graphically designed e-blast was created and sent to thousands of

real estate professionals throughout the country and Canada including real estate investors, developers, users and brokers. In addition to the above marketing efforts, there were targeted phone calls made to local retail investors.

5. Over 1,300 parties reacted to the display ads, online ads, e-mail blasts and direct marketing by viewing a detailed information page on the Property. Hilco was contacted by telephone or email by 225 interested parties. 53 interested parties were provided with access to the virtual data room after signing a confidentiality agreement. In addition, 39 groups inspected the Property on site.

6. Pursuant to the Bidding Procedures approved by the Court by order dated January 8, 2016, bids were to be received on or before February 16, 2016. 12 bids were received by the bid deadline. The bidders all tendered a 5% earnest money deposit with their bids.

7. Pursuant to the Bidding Procedures, Hilco participated with the Debtor and the Secured Lender in determining which bids were deemed "qualified" bids. Five of the 12 bids were deemed "qualified" and those parties were advised of that qualification on February 19, 2016 in accordance with the Bidding Procedures.

8. The Auction Sale was held on February 24, 2016. Four (4) qualified bidders appeared at the Auction for the purpose of bidding. The fifth qualified bidder dropped out prior to the Auction.[1] All four (4) of the qualified bidders submitted bids at the Auction. Bidding commenced at $22,600,000 and increased increments of $100,000 until a bid of $27,600,000 was received.

---

[1] An additional, non-qualified bidder, William Boateng, appeared at the Auction. Mr. Boateng was again advised of the several reasons why he was not a qualified bidder and was asked to leave the Auction. Mr. Boeteng was not permitted to bid because he was not a qualified bidder.

9. The highest and best bid at the auction was a bid by 120 Beach 26th Street LLC ("120 Beach") for $27,600,000. 120 Beach executed a Purchase and Sale Agreement at the conclusion of the Auction, a copy of which is annexed as Exhibit "A", and will increase its earnest money deposit by February 26, 2016 to 5% of the total bid price.

10. E&M Property Management, LLC ("E&M"), having bid the sum of $27,500,000, was the next highest bidder at the auction. E&M executed a Backup Purchase and Sale Agreement at the conclusion of the Auction, a copy of which is annexed hereto as Exhibit "B".

11. By this motion, the Movants seek to confirm the results of the Auction Sale, and seeks entry of an Order approving the sale of the Property free and clear of liens, claims and encumbrances including, without limitation Easement Claims and Easement Rights, pursuant to section 363 of the Bankruptcy Code, together with related relief.

## THE SALE OF THE PROPERTY SHOULD BE AUTHORIZED BY THE COURT

A. Authorization Under 11 U.S.C. § 363(b)

12. The Debtor and the Secured Lender have already been granted authority to sell the Property free and clear of liens, claims and encumbrances, including without limitation Easement Claims and Easement Rights, pursuant to the confirmed Plan. Thus, the Movants request entry of an order confirming such previously authorized sale to the highest bidder, or to the next highest bidder upon default of the highest bidder, free and clear of liens, claims and encumbrances under section 363 of the Bankruptcy Code.

13. As set forth above, the Property was extensively marketed by Hilco and those marketing efforts resulted in significant interest in the Property. The fact that over 1,300 parties went to a detailed information page on the Property to learn more about the Property

5

demonstrates the strength of Hilco's marketing program in motivating people to investigate the opportunity to purchase the Property.

14. Furthermore, adequate notice of the sale was provided. Notice of the sale was published in 14 print publications and 7 online publications. This included online advertisement in Hilco's database of over 15,000 real estate groups. Given the number of interested parties who signed a confidentiality agreement and therefore had access to the virtual data room and who visited the Property on site, the Movants believe that the Auction Sale was more than adequately noticed and any possible purchaser was likely to have received such notice. Accordingly, the Movants believe that notice of the auction was provided within the requirements within the Bankruptcy Code and Bankruptcy Rules and that the auction was a conducted in commercially reasonable manner.

15. The Property will also be sold for a current fair value. Because the sale of the Property was subject to extensive marketing efforts and public auction at which the highest and best offer was solicited, the Movants believe that the procedures employed generated the best possible price for this asset.

B.    Good Faith Purchaser Protections Under 11 U.S.C. § 363(m)

16. The Movants also believe that both the highest bidder and the backup bidder meet the requirements of good faith purchasers under section 363(m) of the Bankruptcy Code. While the Bankruptcy Code does not define "good faith", it is been held to mean one who purchasers "without collusion" and for "value". See, e.g., In re Abbotts Dairies of Pennsylvania, Inc., 788 F2d 143, 147, 149-50 (3d Cir. 1986). In light of the marketing efforts undertaken by Hilco and the open sale process conducted by Hilco, a third party broker, nothing in this case suggests any fraud or collusion and both the highest bidder and the next highest bidder are purchasing for

value. Neither of the top two bidders have any connection with the Debtor, its principals or the Secured Lender. Accordingly, the Movants request that the Court make a finding that the successful bidder and the next successful bidder be deemed a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and therefore entitled to the protection set forth therein.

C.     <u>Waiver of Stay Provisions of Bankruptcy Rule 6004(h)</u>

17.     Pursuant to the Bidding Procedures approved by the Court, the closing of the Auction Sale (the "Closing") is to take place no later than March 24, 2016. Waiving the 14 day stay under these rules is necessary to permit the closing to occur within the time frames required by the Bidding Procedures. For this reason, the Movants request that the order confirming the Auction Sale contain provisions waiving the automatic stay contained in Bankruptcy Rule 6004(h). Pursuant to Bankruptcy Rule 6004(h), all orders authorizing the sale or lease of property are stayed for 14 days after entry of the order, "unless the Court orders otherwise." Due to the time constraints for the Closing, and since the highest and backup bidders are good faith purchasers under section 363(m) of the Bankruptcy Code, the Movants believe that the wavier of such stay period is are necessary and warranted in this case.

## CONCLUSION

18.     For the these reasons set forth above, the Movants request that the Court enter the annexed Order (a) authorizing the sale of the Property under section 363 of the Bankruptcy Code, free and clear of liens, claims and encumbrances pursuant to section 363(f) of the Bankruptcy Code including without limitation Easement Claims and Easement Rights, (b) granting 120 Beach and/or E&M the protections of a good faith purchaser under section 363(m)

of the Bankruptcy Code, (c) waiving the stay period set forth in Bankruptcy Rule 6004(h), and (d) granting such other and further relief as is deemed just and proper.

19.     No previous request for relief sought by the Movants have been made to this or any other Court.

**WHEREFORE**, the Movants respectfully request entry of the annexed order granting the relief requested in this Motion, together with such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
       March 2, 2016

                                        CULLEN AND DYKMAN LLP
                                        Attorneys for the Debtor

                                        By: s/ Bonnie L. Pollack
                                        Bonnie L. Pollack, Esq.
                                        100 Quentin Roosevelt Boulevard
                                        Garden City, New York 11530
                                        (516) 357-3700

                                        ALLEGAERT BERGER & VOGEL LLP
                                        Attorneys for the Secured Lender

                                        By:   s/Lawrence P. Gottesman
                                        Lawrence P. Gottesman, Esq.
                                        111 Broadway, 20th Floor
                                        New York, New York 10006
                                        (212) 571-0550